## CITIZENS HOTEL CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10109.

Circuit Court of Appeals, Fifth Circuit.

April 6, 1942.

G. W. Parker, Jr., and A. E. Brooks, both of Fort Worth, Tex., for petitioner.

F. E. Youngman and J. Louis Monarch, Sp. Assts. to Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The question is whether in income tax returns on an accrual basis, annual State, County and City taxes on property in Texas used in making the income must be treated as accruing in a lump sum on January first, or may be prorated when the return is for a part of the year.

The taxpayer, Citizens Hotel Company, had a fiscal year ending March 31. With the Commissioner's consent in the early part of 1937 the fiscal year was changed so as to end January 31. In the fall of 1937 with the Commissioner's consent change was made to a calendar year to begin January 1, 1938. Under Sect. 47(a), Revenue Act of 1936, 26 U.S.C.A.Int.Rev.Code, § 47(a),

a short period return was made for the time from April 1, 1936, through January 31, 1937, and another for the time from February 1, 1937, through December 31, 1937. The taxpayer kept its books and made returns on an accrual basis and for many years had accrued the annual property taxes on its books one-twelfth each month. It took pro-rata deductions for taxes in this manner on its short term tax returns. The Commissioner held that the taxes all accrued at one time, on January 1st of each year, and must be so deducted, so that no deduction was allowed on the return for the period from February 1, 1937, to December 31, 1937. The Board of Tax Appeals upheld that view.

■■ It is true that in Texas property taxes are a personal liability of the owner measured by the value of the property which he owns on January 1. The assessments of values are made up at a later time in the year, as are the rates of County and City tax for the year, and then the amount of tax due by each taxpayer is arrived at and put on the tax rolls. The County tax rate was not fixed in this instance till August 16, 1937, and the City tax rate September 29, 1937. If a strict date of accrual must be adhered to, it would have to fall after the tax rates were fixed, for until then a necessary ingredient of the tax liability was lacking, and no tax demand could be formulated. But we think no such strict date can be insisted on. As is fully explained in United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 133, 70 L.Ed. 347, the accrual basis for income tax returns was introduced to facilitate a true reflection of business incomes according to sound accounting principles; and the taxpayer's bookkeeping, if in accordance with such principles and truly reflecting net income, is allowed to be used as a basis of returns. Thus Sect. 41 of the Revenue Act of 1936, 26 U.S.C.A.Int.Rev. Code, § 41, provides that net income shall be computed in accordance with the method of accounting regularly employed in keeping the books of the taxpayer, but if it does not clearly reflect the income, the Commissioner may so compute it as to clearly reflect the income. As to deductions, Sect. 43, 26 U.S.C.A.Int.Rev.Code, § 43, declares they shall be taken for the taxable year in which paid or accrued, or paid or incurred, dependent upon the method of accounting upon the basis of which the net income is computed, *"unless in order to clearly reflect the income the deductions or credits should be taken as of a different period."* We think the words italicized are directly applicable here. The taxpayer's books are kept on a general accrual basis, and this annual tax charge is distributed by months over the year. The amount of it has to be estimated until the tax is determined, and an adjustment is made thereafter. This is conceded to be good accounting practice, and we think it clearly reflects the true income for a period less than a year. The Commissioner's computation does not clearly reflect the true income, for it puts the whole burden of the taxes on the income period which embraces January, and asserts that the income for all other parts of the year is not burdened by taxes. The same would be true of an annual ground rent, of an annual insurance premium, annual bond interest, or any other fixed charge payable annually. So long as returns are made for a full year no problem arises about such things, but when by a change of ownership or change of fiscal year a period of less than a year is involved, the question becomes acute. In the Anderson case, supra, Treasury Decision 2433 was quoted with approval, that it "will be permissible for corporations which accrue on their books monthly or at other stated periods amounts sufficient to meet fixed annual or other charges to deduct from their gross income the amounts so accrued, provided such accruals approximate as nearly as possible the actual liabilities for which the accruals are made * * *." This is exactly the treatment this taxpayer gave this annual charge for taxes. Again in American National Co. v. United States, 274 U.S. 99, 104, 47 S.Ct. 520, 521, 71 L.Ed. 946, the following words are quoted, with emphasis, from the Anderson decision as to the purpose of the statutory provisions: "To enable taxpayers to keep their books and make their returns according to scientific accounting principles, by charging against income earned during the taxable period, the expenses incurred in and properly attributable to the process of earning income during that period." A pro rata of the annual fixed charges is very properly attributed, in good accounting, to a business income accruing during a part of the year. This court dealt with the question of property taxes in Carondelet Building Co. v. Fontenot, 5 Cir., 111 F.2d 267, where a period less than a year became involved because of a change of ownership. We allowed a prorata deduction for taxes. There was no personal liability for the taxes in

that case, but we do not regard that as the true foundation for the proration. The Carondelet case was followed in the second Circuit in Helvering v. S. E. & M. E. Bernheimer Co., 2 Cir., 121 F.2d 454. We think it controls here. The taxes, as an annual fixed charge ought, in a return on the accrual basis, to be allowed prorated as a deduction from the business income for a tax period less than a year.

The petition for review is granted, and the judgment of the Board reversed, and the case remanded to the Board for a recomputation of the income taxes involved in accordance with this opinion.