**COMMISSIONER OF INTERNAL REVENUE v. SCHOCK, GUSMER & CO., Inc.**

**SCHOCK, GUSMER & CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

Nos. 8295, 8296.

Circuit Court of Appeals, Third Circuit.

Argued May 19, 1943.

Decided Aug. 23, 1943.

Charles E. Scribner, of New York City (Scribner & Miller, of New York City, on the brief), for taxpayer.

Helen Goodner, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, A. F. Prescott, and Willard H. Pedrick, Sp. Assts. to Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for the Commissioner.

Before BIGGS, JONES, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

These are cross petitions for review of a decision of the United States Board of Tax Appeals, now the Tax Court of the

United States, determining a deficiency of $210.11 in the income tax of Schock, Gusmer & Co., Inc., for the fiscal period from January 1, 1937, to August 31, 1937.

The taxpayer is a New Jersey Corporation owning real and tangible personal property in Hoboken, the site of its principal office. It has always kept its books and filed its federal income tax returns on the accrual basis and prior to 1937 its taxable year was the calendar year. Soon after filing its return on the above basis for the calendar year 1936 it asked permission to change to a fiscal year ending on August 31. and. permission having been granted, it closed its books on August 31, 1937, and subsequently filed the return with which we are here concerned.

In this return the taxpayer deducted $8,-936.55 representing the total amount of both the real and tangible personal property taxes payable by it under the laws of New Jersey during 1937. The Commissioner disallowed this deduction in full on the ground that these taxes were deductible for income tax purposes during 1936, the year in which they were assessed, and the taxpayer appealed to the Board of Tax Appeals. The Board, two members dissenting, sustained the Commissioner's disallowance of the deduction for accrued personal property taxes but reversed his disallowance of the deduction for accrued real property taxes. This is the decision which both the Commissioner and the taxpayer ask us to review.

Both the real and tangible personal property taxes were assessed, levied and collected under the same statutes, by the same procedure and at the same time. The amounts of each were included in the same bills and were payable in installments at the same times. But a majority of the Board of Tax Appeals saw a distinction between them because under the law of New Jersey a personal liability[1] to pay the personal property taxes for 1937 arose on October 1, 1936, the date of assessment, whereas under the same law there was no personal liability to pay the real property taxes but only a lien upon the property taxed which lien would arise, if the tax should not be paid, on December 1, 1937. The member of the Board who wrote a dissenting opinion saw no reason to differentiate for income tax purposes between the two taxes and was of

the opinion that the taxpayer was entitled to deduct eight-twelfths of both taxes in the return in question.

The applicable Revenue Act is the one of 1936, 49 Stat. 1648 et seq. It provides in section 23(c), 26 U.S.C.A. Int.Rev.Acts, page 827, that in computing net income "Taxes paid or accrued within the taxable year" shall be allowed as deductions, and in section 43 that the deductions "provided for in this title shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions * * * should be taken as of a different period." Amplifying these sections Article 23(c)-1 of the applicable Regulations (94) provides that, subject to exceptions not here material, "taxes imposed by * * * any State * * * are deductible from gross income for the year in which paid or accrued," and Article 43-1(a) idem, provides that "The terms 'paid or incurred' and 'paid or accrued' will be construed according to the method of accounting upon the basis of which the net income is computed by the taxpayer. The deductions * * * provided * * * must be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', unless in order clearly to reflect the income such deductions or credits should be taken as of a different period."

The basic problem in the case at bar then is to determine the date or dates of accrual for income tax purposes of the taxes of both kinds assessed against the taxpayer by the State of New Jersey for the calendar year 1937. The taxpayer in its return took the position that the full amount of both taxes accrued during the first eight months of 1937; the Commissioner contends that no part of either tax accrued in 1937, the year in which it was payable, but that the full amount of both taxes accrued in 1936, the year in which they were assessed; and the Board of Tax Appeals concluded that the entire tangible personal property tax accrued in 1936, the year in which personal liability therefor arose, and the entire real property tax accrued at some time during the first eight months of 1937.[2]

We take the view that neither of the above contentions nor the conclusion of the Board can be adopted, but that eight-

---

[1] Under New Jersey law there is no lien for taxes on tangible personal property.

[2] The Board said that in its judgment the date of accrual of this tax was prior to February 1, "though this need not be decided."

twelfths of both taxes accrued for income tax purposes during the first eight months of 1937, the period covered by the return which concerns us here.

The assessment forming the basis of the taxes here in issue was made in accordance with the New Jersey statutes substantially as follows:[3] On October 1, 1936, the tax collector began to prepare a list of all taxable property in his taxing district showing a description of the property, its true value, and the name of its owner. This list was revised and corrected until January 10, 1937, when it was filed, due public notice having been given, with the county board of taxation. Then followed a period during which the list was subject to examination, revision, correction and equalization by the board of taxation. At the expiration of this period, the board having in the meantime received statements of the amounts to be raised by taxes in the county and its several taxing districts, determined the tax rate and on May 4, 1937, delivered a revised and completed assessment roll, with the tax rate which it had fixed, to the collector of revenue. Thereupon the collector prepared bills for the full amount of the annual taxes for 1937, and mailed them to the property owners whose names appeared on the assessment rolls.

Before these bills were mailed, however, collection of the 1937 tax had already begun. The collector had mailed bills for the first and second installments of the 1937 tax, which fell due on February 1, and May 1, 1937, which bills were computed, as state law required, "at one-half of the complete tax last previously levied." The taxpayer in the case at bar paid these two installments of its 1937 taxes on the dates they fell due and its bill for the annual taxes sent out as above contained appropriate credits. It paid the last two installments of its taxes on August 11, and November 1, 1937.

According to the stipulation of facts "Petitioner treated the taxes paid as aforesaid on its books of account in the following manner: On January 31, 1937, and at the end of each of the months of February, March, April and May, 1937, petitioner debited 'General Factory Expense' with the sum of $668.20, representing one-sixth of the estimated taxes for the first six months of 1937 based on the amount of taxes paid

in 1936. In each instance petitioner credited 'Prepaid Taxes' with the sum of $668.20. On February 1 and May 1, 1937, the latter account was debited with the taxes paid on the respective date. On June 30, 1937, petitioner debited 'General Factory Expense' with one-half of the actual taxes payable in 1937, less the amounts previously debited as set forth above, and credited the difference, $1,127.28, to 'Prepaid Taxes.' On July 31 and August 31, 1937, petitioner debited 'General Factory Expense' with one-twelfth of the total taxes payable in 1937. Also on August 31, 1937, petitioner credited an account called 'Accrued Real Estate Taxes' and debited 'Prepaid Taxes' with the sum of $2,235.88, representing the difference between the total taxes payable in 1937 and the sum of the payments made on February 1, May 1, and August 11, 1937.

"It had been the practice of petitioner in prior years to accrue and deduct real estate and personal property taxes, based upon the assessment as of the preceding October 1, in the calendar year in which the bills therefor were payable."

Although the taxpayer deducted the full amount of both of its state taxes for 1937 in its income tax return for the first eight months of that year it has now retreated somewhat from that position. It now recognizes, tacitly at least, that at the most it is entitled to deduct only eight-twelfths of those taxes.

The Commissioner contends that the taxpayer is not entitled to deduct any part of its 1937 taxes in any return it may make for the whole or any part of that year. Arguing from the proposition that a liability is accruable for federal income tax purposes as of the date when it becomes fixed, provided that the amount of it is then ascertainable within reasonable limits (United States v. Anderson, 269 U.S. 422, 46 S.Ct 131, 70 L.Ed. 347; Continental Tie & Lumber Co. v. United States, 286 U.S. 290, 52 S.Ct. 529, 76 L.Ed. 1111), he says that the liability for both state taxes became fixed under New Jersey law on October 1, 1936, the date when they were assessed, and that the amount thereof was then ascertainable within reasonable limits because the comparative stability of property taxes is a matter of common knowledge—a property owner can estimate the

---

[3] For a more detailed description of the New Jersey statutes see Commissioner v. Coward, 3 Cir., 110 F.2d 725.

following year's taxes with reasonable accuracy on the basis of the experience of the past.

He admits, however, that there are decisions of several circuit courts of appeals which sustain the view which the taxpayer now advances, that is, that for income tax purposes property taxes may be accrued on a monthly basis during the year in which they are payable. Commissioner v. Patrick Cudahy Family Co., 7 Cir., 102 F.2d 930;[4] Helvering v. Schimmel, 8 Cir., 114 F.2d 554; Helvering v. S. E. & M. E. Bernheimer Co. 2 Cir., 121 F.2d 454; Citizens Hotel Co. v. Commissioner, 5 Cir., 127 F.2d 229. But he says that these decisions were rendered before the decision of the Supreme Court in Magruder v. Supplee, 316 U.S. 394, 62 S.Ct. 1162, 86 L.Ed. 1555, and that in view of this latter decision they cannot now be regarded as authoritative. It does not seem to us that the opinion in Magruder v. Supplee can be given the effect for which the Commissioner contends.

The Supreme Court in Magruder v. Supplee was not directly confronted with the question of the appropriate time for a taxpayer on the accrual basis to deduct state taxes assessed against him. It was confronted with the question whether a taxpayer on the cash basis who had purchased real property during a tax year could deduct in his income tax return for the appropriate period the portion of the property tax arithmetically allocable to the fraction of the tax year subsequent to the date of sale, the property taxes having been assessed against the seller and there being at the time of sale an existing lien on the property to secure it, but adjustments having been made in the purchase price so that the seller and the buyer each bore that portion of the tax allocable to the fraction of the tax year during which he owned the property. Thus the actual question before the court was whether a payment by a taxpayer-buyer in discharge of taxes assessed against his seller, and in discharge of a tax lien on the property sold, was a payment of taxes assessed against him or a payment of part of the purchase price, and the answer to this question, as this court pointed out in Commissioner v. Coward, 3 Cir., 110 F.2d 725, 727, hinges upon the interpretation of the word "taxes" not upon the interpretation of the word "accrued".

But the Commissioner contends that the Supreme Court in deciding that the payment deducted by the taxpayer-buyer was not the "payment of a tax in any proper sense of the word" [316 U.S. 394, 62 S.Ct. 1165, 86 L.Ed. 1555] but a payment of part of the purchase price of the property, and furthermore, that it was not deductible by the buyer because it was "clearly the payment of a tax imposed upon another," also intended to decide that for income tax purposes state property taxes cannot be allocated over the year for which they are assessed. He says that this conclusion is inescapable because in its opinion the Supreme Court said: "And it is misleading to speak of real estate taxes as 'applicable' to the fractional part of a tax period following purchase. Such taxes are simply one form of raising revenue for the support of government. They are not like rent, nor are they paid for the privilege of occupying property for any given period of time."

We admit that these words, and by implication the decision itself, give support to the Commissioner's view. But we cannot go as far as the Commissioner would have us and say that the Supreme Court in Magruder v. Supplee reversed the line of authorities upon which the taxpayer relies. We do not believe that by innuendo or implication the Supreme Court would reverse a series of cases on another, although related, point without citing or referring to them in any way.

We approach the question in the case at bar, therefore, without any direct, controlling authority for our guidance.

■ Turning back now to the parts of the statute and the regulations quoted earlier in this opinion it seems obvious that the intention of Congress and the Treasury Department was, first, to permit taxpayers to deduct state taxes in their income tax returns, and, second, to permit taxpayers on the accrual basis to deduct such taxes in their returns in accordance with their methods of accounting, unless the method used by a taxpayer failed "to clearly reflect" the net income received by him during the period for which his return was filed. See United States v. Anderson, 269 U.S. 422, 440, 46 S.Ct. 131, 70 L.Ed. 347. And this view is further supported by § 41

---

4 This case and the one cited next after it are not squarely in point but lend some collateral support to the taxpayer's contention. The other two cases cited are in point and directly support the position now taken by the taxpayer.

of the Revenue Act of 1936 which provides: "The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income."

The method of accounting upon the basis of which the taxpayer here computed the return before us was, as the stipulated facts quoted above show, the method which it regularly used. And this method clearly reflected its income. This appears from an examination of the method itself and from the undisputed evidence that it was in accordance with the accepted practice of accountants in New Jersey to charge off both real and tangible personal property taxes during the year in which they were payable. Thus it is doubtful if under the statute the Commissioner could have ordered the taxpayer to change its accounting method, but we need not decide this point because the record does not indicate that he ever attempted to do so. Apparently, then, the taxpayer's return would have been made up strictly in accordance with the statute and the regulations if therein it had deducted eight-twelfths of both taxes.

■ The Commissioner's argument, however, remains to be reckoned with. It is logical and supported by authority and it supports the conclusion which he would have us reach. But the same may also be said for the argument advanced by the taxpayer. We are confronted, then, with a choice between equally available routes leading to different results. In this situation we conceive that our choice must be dictated by practical considerations (Farmers' Loan & Trust Co. v. Minnesota, 280 U.S. 204, 212, 50 S.Ct. 98, 74 L.Ed. 371, 65 A.L.R. 1000; Buhl v. Kavanagh, 6 Cir., 118 F.2d 315, 323)—that practical considerations rather than technical niceties should point our way. See Helvering v. Hallock, 309 U.S. 106, 114, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368.

It may be that taxes are not paid, like rent, for the privilege of occupying or possessing property for a given period, but the fact remains that they are inevitably recurring financial burdens calculated on an annual basis which must be met annually by any property owner who wishes to continue to own his property. For administrative convenience, if not from administrative necessity, property must be valued for tax purposes and the person responsible for the tax selected as of some particular day. Then, not until after all the property in a taxing district has been valued and governmental expenses estimated, can a tax rate be set, and only thereafter can the amount of any property owner's tax be determined. Also some definite time must be fixed for the attachment of a lien to secure the payment of a tax, if any lien at all is provided for. These are all necessary steps which must be taken in the collection of property taxes and to choose any one of them as the date of accrual requires a somewhat arbitrary judgment. Naturally arbitrary judgments will work no hardship in the great majority of cases. It is only when a taxpayer, as in the instant case, changes his accounting period that the problem becomes acute, and when it does it seems to us that arbitrary judgments should give way to practical realities—that approved accounting methods regularly employed which truly reflect income and which the Commissioner has not challenged should prevail over essentially legalistic concepts as to the moment when a tax liability "accrues".

■ We do not believe that a business man or an accountant would regard any one of the dates set by a statute for the successive steps necessary for assessing, levying and collecting a property tax as fraught with overwhelming accounting significance. Instead we believe that such a person would regard property taxes as charges calculated on a yearly basis (here the calendar year 1937) which if not met during that year carry a penalty. From this it seems to us that both of the New Jersey taxes under consideration would in the normal course be treated as part of overhead expense, and, as part of such overhead expense, not for the year in which they were assessed but for the year for which they were assessed. And if a taxpayer kept his books on a monthly accrual basis as the taxpayer did here, he would normally and naturally accrue his state property taxes in twelve equal monthly installments. This being in accord with sound principles of accounting and with the the taxpayer's usual practice it seems to us

if we are to give due regard to the statute and to the regulations quoted earlier in this opinion and to give more than lip service to the proposition that taxation is an intensely practical matter, we must hold that the taxpayer here should be allowed to deduct eight-twelfths of both taxes for 1937 in its return for the first eight months of that year.

The decision of the Board of Tax Appeals is reversed and the case remanded for further proceedings consistent with this opinion.