**ALLEN, Collector of Internal Revenue, v.
ATLANTA STOVE WORKS, Inc.**

**No. 10595.**

Circuit Court of Appeals, Fifth Circuit.

Oct. 28, 1943.

Joseph M. Jones and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and T. Hoyt Davis, U. S. Atty., of Macon, Ga., for appellant.

Bertram S. Boley and E. D. Smith, Jr., both of Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

Atlanta Stove Works paid additional income taxes demanded of it, sought a refund of $715.35 and interest as illegally exacted, which was refused, and prosecuted a suit against the Collector, which was successful. The Collector appeals.

The undisputed facts are that the taxpayer prior to 1935 made returns on an accrual basis and for a fiscal year ending March 31. By permission of the Commissioner a shift was made in 1935 to a calendar year basis, resulting in a short term return, still on an accrual basis, for the period April 1 to Dec. 31, 1935. Theretofore state, county and municipal ad valorem taxes had been taken as a deduction as of the date of their actual payment in the latter part of the year preceding the return. Those so paid in 1935 were deducted in the short term return. The deduction was wholly disallowed by the Commissioner on the ground that the taxes accrued in January, 1935, before the short term period began. The resulting additional assessment was paid, but the refund sought was only for nine-twelfths of the taxes, since only nine months were included in the short term. This prorated amount was sued for and recovered.

The appellant Collector admits that the judgment is in accordance with the decision of this Court in Citizens Hotel Co. v. Commissioner, 5 Cir., 127 F.2d 229, but contends that Magruder v. Supplee, 316 U.S. 394, 62 S.Ct. 1162, 86 L.Ed. 1555, states the law otherwise, and that these taxes, which become liens and personal charges against the taxpayer on January 1, (state and county), and January 31, (municipal), accrued on those dates, and cannot be apportioned. The taxpayer contends that the Magruder case is not in point at all, but leaves the Citizens Hotel Company case intact, as was held in the Third Circuit in Commissioner v. Schock, Gusmer & Co., 3 Cir., 137 F.2d 750.

The Magruder case did not deal at all with the question here involved. The question there was whether a purchaser of property during the year, after the taxes

had become a personal debt against the vendor and a lien on the property, who paid a proportion of the taxes according to the purchase agreement, could deduct what he paid as "taxes paid" by him. Applying the Treasury Regulation which declares "In general taxes are deductible only by the person upon whom they are imposed", the Court held the purchaser had paid no taxes of his own, but those of the vendor, which as to the purchaser were part of the agreed purchase price. The present case has nothing to do with a purchase. The taxes under Georgia law are the personal debt of this owner of property on January 1 and January 31, secured by a general lien on all its property. The taxpayer certainly paid its own taxes. The questions are whether they "accrued" or were "incurred", in the language of Section 43 of the Revenue Act, Internal Revenue Code § 43, 26 U.S.C.A. Int.Rev.Code, § 43, in January, or after April 1; and if the former, whether they can be apportioned when a short term return becomes involved.

The state and county taxes had clearly not been incurred in January. At that date there was no valuation of the property and no tax rate in existence. Returns by the taxpayer of his valuation, subject to correction by the tax officers, were made before April 1, but the state tax rate for the year was not ascertained and fixed by the Governor until July 19, and that for the county was not fixed by the County Commissioners till September 4th. It is common knowledge in Georgia that occasionally counties and municipalities have found it unnecessary to levy any ad valorem taxes at all. Until a tax rate is fixed, the inchoate tax lien and debt cannot be said to have accrued or been incurred.

As to the municipal taxes, the rate had been fixed by ordinance in 1934, and returns made in March, but the City Assessors do not make their valuations and fix the amount of each taxpayer's taxes till May 1. Prior to that date the amount of tax cannot be known, because it is not a mere matter of computation, but the assessors act on their own ideas of value, and it is notorious that their assessments are usually much higher than those for state and county, and they frequently "raise the assessment" uniformly to produce more taxes rather than have a raise in the tax rate. If we had to say at what date the municipal taxes "accrued", we should fix the date at May 1 rather than January 31 before even the tax returns were made.

But we prefer to say that when by a shift from a fiscal year to a calendar year basis a short term return becomes necessary, the net income for that short term is not clearly or truly reflected, as is required by Section 43, either by a deduction of all the annual taxes within the short term, or outside of it, but by a fair apportionment of this annual charge to the income producing period. Good accounting practice would so require. It is true that as between the state or city and the taxpayer the charge is not apportionable. The tax is payable in a lump sum for the support of government, and is not abated by the sale or destruction during the year of the property in respect of which he is taxed, and as between the taxing authority and the taxpayer it is not apportionable. But the United States is seeking, by the provisions of Section 43, to get a fair picture of the net income of its taxpayer for the period covered by the return. When the return covers a full year, no question of apportionment would ordinarily arise. When a short term return becomes necessary, as here, we think as a rule apportionment ought to be allowed. We adhere to our decision in the Citizens Hotel Company case.

Judgment affirmed.