**WEST POINT MFG. CO. v. DAVIS, Former-ly Collector of Internal Revenue.**

Civil Action No. 5432.

District Court, N. D. Alabama, S. D.

Oct. 17, 1944.

Lange, Simpson, Brantley & Robinson, of Birmingham, Ala., for plaintiff.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for defendant.

MULLINS, District Judge.

This cause coming on to be heard was submitted for a final judgment or decree on June 21, 1944, upon the complaint as amended and the answer thereto as amended, the oral testimony of C. A. Smith and R. S. Heard, witnesses on behalf of the plaintiff, exhibits to the testimony of such witnesses, and the written stipulation of the parties filed in this cause on said date.

The court finds the following facts in said cause, namely:

### Finding of Facts

This is an action filed by the plaintiff against the defendant, a former Collector of Internal Revenue, to recover certain income taxes and interest thereon claimed to have been erroneously or illegally assessed and collected, and paid by plaintiff to said former Collector, for the ten months period from November 1, 1933, to August 31, 1934, in the amount of $13,107.35, being $11,829.73 taxes and $1,277.62 interest.

The tax sought to be recovered was included in a deficiency assessment by the Commissioner of Internal Revenue against the plaintiff made on about September 1, 1936, in the amount of $11,924.48 taxes and $1,287.84 interest, aggregating $13,212.32, which aggregate amount was paid by plaintiff to defendant on September 3, 1936. On August 12, 1938, the plaintiff filed a claim for refund thereof on substantially the same grounds as set forth in the complaint, which claim on May 8, 1941, was disallowed by a Commissioner of Internal Revenue; and on, to-wit, April 21, 1943, this action was commenced against the defendant, a resident of this District, who, at the time of the payment of said assessment, was the Collector of Internal Revenue at Birmingham, Alabama, in this District and to whom said assessment was paid, and who has since ceased to be such Collector of Internal Revenue.

The plaintiff, a corporation organized under the laws of the State of Alabama, had a place of business in Langdale, Alabama. At all times pertinent to this case, it was shown that the plaintiff kept its books and made its Federal income tax returns on the accrual basis.

Prior to the ten months tax period involved in this case, the plaintiff made its Federal income tax returns for fiscal periods ending October 31st. On December 9, 1933, application was made by Plaintiff to the Commissioner of Internal Revenue for permission to change its taxable period from said fiscal period ending October 31st to a fiscal period ending August 31st. On January 17, 1934, permission was granted by the Commissioner to make such change, provided the plaintiff should file a return for the ten months period from November 1, 1933, to August 31, 1934. To effect this

change, the plaintiff closed its books on August 31, 1934, and on November 15, 1934, filed its Federal income tax return with said Collector for the ten months period from November 1, 1933, to August 31, 1934. In this return for such ten months period, the plaintiff deducted $86,034.38 as representing ten-twelfths of ad valorem taxes in the amount of $103,241.25 levied and assessed against it in Chambers County, Alabama, to cover state, county and special school district taxes for what is referred to as the tax-year of 1934, which tax year began on October 1, 1933, and ended September 30, 1934. The property on which said taxes were levied and assessed constituted property owned by the plaintiff on October 1, 1933, and which was then and thereafter during said ten months period used by the plaintiff in the operation of its textile manufacturing business, from which its income in said ten months period was derived. The Commissioner disallowed the entire amount of said deduction and did not allow any deduction for any amount of ad valorem taxes upon such property for or during said ten months period.

It was explained that, in filing the claim for refund, an error was made in claiming that the entire year's tax of $103,241.25 should have been allowed as a deduction instead of only ten-twelfths thereof, or $86,034.38, the amount of the deduction claim in the return.

It was further shown that the state and county taxes levied and assessed against the plaintiff for the previous tax year, referred to as the tax-year of 1933, beginning October 1, 1932, ending September 30, 1933, were levied and assessed upon the same property, and basis of valuation, and were in the same amount as for the tax-year of 1934.

The plaintiff paid said taxes for the tax-year of 1933 on December 30, 1933, and paid said taxes for the tax-year of 1934 on December 31, 1934, the amounts of such payments being identical.

For said tax-year of 1934, said property was listed and returned for assessment by plaintiff in a return filed with the Tax Assessor of Chambers County, Alabama on January 17, 1934. On February 13, the Court of County Commissioners of Chambers County, Alabama, adopted an order levying the county and special school district taxes for the tax year of 1934.

At the time of closing its books on August 31, 1934, for said ten months period, the plaintiff accrued on its books eleven months or eleven twelfths of said 1934 taxes, but in making its Federal income tax return for such ten months period, it only deducted ten months or ten twelfths thereof, or $86,034.38; that one month or one-twelfth of such 1934 taxes was claimed and included by it as a deduction in its Federal income tax return for the fiscal year ending October 31, 1933; and that one month or one-twelfth of said 1934 taxes was included as a deduction in its Federal income tax return for the fiscal year immediately following said ten months period; and no deduction was taken by plaintiff or allowed to plaintiff for said ten-twelfths of said aggregate amount of $103,241.25 of ad valorem taxes for said tax-year of 1934 in plaintiff's Federal income tax returns for any period prior or subsequent to said ten months period from November 1st, 1933 to August 31st, 1934.

### Conclusions of Law

Under the applicable statutes of Alabama, the plaintiff's property on October 1, 1933, became subject to assessment for said state, county and school district taxes for the tax-year of 1934, beginning October 1, 1933, and ending September 30, 1934. General Revenue Act of Alabama of 1919, General Acts of Alabama 1919, p. 282 to 451.

Under the provisions of Section 416 of said Act, Section 381 of the "Compilation of the Revenue Laws of Alabama of 1929", and also under Section 8874 of the Code of Alabama of 1923, said taxes for the tax-year of 1934 became a lien upon said property as of October 1, 1933, although such lien has been construed as being inchoate until the assessment of such taxes has been completed and the amount thereof finally determined. For a construction of such statutes, see: United States v. State of Alabama, 1941, 313 U. S. 274, 61 Sup.Ct. 1011, 85 L.Ed. 1327; Swann & Billups v. State, 1884, 77 Ala. 545; Driggers v. Cassady, 1882, 71 Ala. 529; Rodgers v. Gaines, 1882, 73 Ala. 218; Kuhl v. Long, 1893, 102 Ala. 563, 15 So. 267; Opinion of Justices, 1937, 234 Ala. 358, 175 So. 690; Biennial Report Attorney General Alabama 1936–1938, p. 724 (Same opinion in Quarterly Report, Attorney General Alabama Vol. XII, July-September 1938, p. 78). See: Yarbrough

Bros. Hardware Co. v. Phillips, 1923, 209 Ala. 341, 96 So. 414; Frost v. State ex rel Clements, 1907, 153 Ala. 654, 665, 45 So. 203; Bains Bros. Inv. Co. v. Purdie, 1912, 180 Ala. 333, 337, 338, 60 So. 920; State v. Alabama Educational Foundation, 1935, 231 Ala. 11, 16, 163 So. 527; Cf. Henderson v. Simmons, 1937, 234 Ala. 329, 331, 332, 174 So. 491; State Tax Commission v. Commercial Realty Co., 1938, 236 Ala. 358, 361, 182 So. 31; Union Bank & Trust Co. v. Phelps, 1934, 228 Ala. 236, 153 So. 644.

Said taxes for the tax-year of 1934 became payable on October 1, 1934, but would not become delinquent until January 1, 1935 (Section 20, "Compilation of Revenue Laws of Alabama of 1929"). Under said Revenue Act, the work of making such assessment was required to be commenced on October 1, 1933. The Tax Assessor was required to finish his return on January 1, 1934, although he was allowed until the first Monday in February to make a supplemental return. (Section 140 of said Act). The Assessor was required to complete his work of assessing not later than the last Monday in March 1934 (Section 160 of said Act). Such assessments listed and made by the Tax Assessor were required to be delivered to the Board of Review of the county not later than the second Monday in April 1934 (Section 160 of said Act.) The Court of County Commissioners was required annually at the regular February term thereof, to levy the rate of general and special taxes for county or school district purposes (Section 176 of said Act). The Board of Review of said county was required to meet on the second Monday in April and continue sitting not later than the first Monday in May for the purpose of reviewing, revising, correcting and fixing the assessment values (Section 184 of said Act). The Board of Review was required to sit on the first Monday of June and to continue not later than the second Monday in July, unless otherwise ordered by the State Tax Commission, to pass upon any objections to assessments. The valuations so fixed by the Board of Review are made final unless an appeal is taken therefrom within thirty days (Sections 187, 189 and 190 of said Act). After the Book of Assessments has been finally completed by the Tax Assessor, he is required to deliver such book to the Tax Collector on or before September 15th (Section 170 of said Act). The rate of taxes for state purposes was fixed by said Revenue Act (Section 16 of said Act). The basis for the valuation of property for purposes of assessments for state, county and district purposes is fixed by said Act (Section 15). The rate of taxation for county purposes is limited by Section 215 of the Constitution of Alabama. The levy of special school district taxes is authorized under Article XIX, Third Amendment to the Constitution of Alabama after having been approved by a majority vote of the electors in such district, pursuant to which such taxes are annually levied by the Court of County Commissioners.

Ad valorem taxes in Alabama, in addition to constituting a lien upon the property, also impose a personal liability upon the owner against whom the same are assessable. The deduction involved in this case is claimed pursuant to the provisions of Section 23(c) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 489. Under such Act, in computing net income, there are allowed as deductions, among other items, "taxes paid or accrued within the taxable year" with exceptions not here pertinent. Section 23(c), Revenue Act of 1932.

The general rule as to accounting periods and methods of accounting under the Revenue Act of 1932, as to deductions, is set forth in Sections 41 and 43, 26 U.S.C.A. Int.Rev.Acts, pages 496, 497. The pertinent divisions of these sections read as follows:

"The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *" Sec. 41.

"The deductions and credits provided for in this title shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period." Sec. 43.

Treasury Regulations 77 in Articles 321 and 341, somewhat in more detail, adopt the same rules as provided in the statute.

Section 47 of said Act, 26 U.S.C.A. Int.Rev.Acts, page 498, relates to returns for a period of less than twelve months, and in subsection (b) of said Section 47 it is provided as follows:

"(b) Income Computed on Basis of Short Period. Where a separate return is made under subsection (a) on account of a change in the accounting period, and in all other cases where a separate return is required or permitted, by regulations prescribed by the Commissioner with the approval of the Secretary, to be made for a fractional part of a year, then the income shall be computed on the basis of the period for which separate return is made."

The plaintiff's return for the ten months period involved in this case was made pursuant to the last quoted subsection.

It is contended on behalf of the defendant that the deduction here involved should not be allowed for the reason that the state and county taxes were not paid in such ten months period, did not accrue within such period, nor was the liability therefore incurred during such period. The defendant makes the further contention that the deduction should not be allowed as the taxpayer within such ten months period did not accrue monthly on its books one-twelfth or the monthly proportion of such annual taxes.

The plaintiff, however, contends that the legal liability for these taxes was incurred on October 1, 1933, and that since such taxes constituted an annual levy, for the state and county tax year referred to as the tax-year of 1934, beginning October 1, 1933, ending September 30, 1934, which included the ten months period involved in this case, ten-twelfths of the amount of such annual taxes was properly accrued by the plaintiff upon its books as an expense during such period, and was also properly deducted in making the return for such ten months period; that in the method of accounting adopted by the plaintiff ten-twelfths of such annual taxes for the tax year of 1934 was properly entered as an accrued expense or liability for such ten months period; and that this was not only proper but necessary in order to clearly reflect the net income of the plaintiff corporation during such ten months period.

It was shown that one month or one-twelfth of the 1934 taxes was included in the plaintiff's income tax return for the previous fiscal year ending October 31, 1933. For that reason, it appears, the plaintiff accrued upon its books at the close of the ten months period on August 31st, 1934, the remaining eleven-twelfths or eleven months of such taxes, as a liability incurred, although in making its income tax return for the ten months period only ten-twelfths or ten months of the amount of said 1934 taxes was included as a deduction; and that the remaining one month or one-twelfth was included as a deduction in the plaintiff's income tax return for the fiscal year beginning September 1st, 1934.

Since the plaintiff was keeping its books of account and making its income tax returns upon the accrual basis, and in the ten months period in question did actually accrue on its books this tax liability, which it had previously incurred as of the date of October 1, 1933, though not payable until October 1, 1934, it is my opinion that the *deduction should have been allowed.* The deduction was consistent with good accounting practice, and was necessary to clearly reflect the net income of the taxpayer for such ten months period. The defendant does not contend that the plaintiff's method of accounting or the method used by it in reporting its net income for such ten months period does not clearly reflect the plaintiff's net income for such period, but bases his objection upon the contention that the liability was incurred on October 1, 1933, when the lien attached, or accrued on October 1, 1934, when the taxes became payable, and that such liability was therefore not deductible in the ten months period.

In the case of Citizens Hotel Co. v. Commissioner of Internal Revenue, 5 Cir., 1942, 127 F.2d 229, 231, which involved a return for a fractional period less than one year, where the taxpayer was reporting upon the accrual basis, a similar question was presented. In that case the Court held:

"The taxes, as an annual fixed charge ought, in a return on the accrual basis, to be allowed prorated as a deduction from the business income for a tax period less than a year."

And in the case of Allen, Collector, v. Atlanta Stove Works, 5 Cir., 138 F.2d 452, 453, which involved a return upon the accrual basis for a fractional period, the Court approved a proportionate deduction for state, county and municipal ad valorem

taxes for such period. In that case it was contended by the Collector that the taxes "accrued" prior to the fractional period involved and that therefore no portion of such taxes should be allowed as a deduction in such fractional period. In deciding against this contention the Court said:

"But we prefer to say that when by a shift from a fiscal year to a calendar year basis a short term return becomes necessary, the net income for that short term is not clearly or truly reflected, as is required by Section 43, either by a deduction of all the annual taxes within the short term, or outside of it, but by a fair apportionment of this annual charge to the income producing period. Good accounting practice would so require. It is true that as between the state or city and the taxpayer the charge is not apportionable. The tax is payable in a lump sum for the support of government, and is not abated by the sale or destruction during the year of the property in respect of which he is taxed, and as between the taxing authority and the taxpayer it is not apportionable. But the United States is seeking, by the provisions of Section 43, to get a fair picture of the net income of its taxpayer for the period covered by the return. When the return covers a full year, no question of apportionment would ordinarily arise. When a short term return becomes necessary, as here, we think as a rule apportionment ought to be allowed. We adhere to our decision in the Citizens Hotel Company case."

To the same effect, see the following cases: Helvering v. Schimmel, 8 Cir., 114 F.2d 554; Carondelet Building Co. v. Fontenot, 5 Cir., 1940, 111 F.2d 267; Helvering v. S. E. & M. E. Bernheimer, 2 Cir., 1941, 121 F.2d 454; Commissioner of Internal Revenue v. Schock, Gusmer & Co., 3 Cir., 1943, 137 F.2d 750; Commissioner of Internal Revenue v. Patrick Cudahy Family Co., 7 Cir., 102 F.2d 930.

It will be noted that these decisions, adverse to the ruling of the Commissioner of Internal Revenue and to the contention made on behalf of the defendant in this case, were decided since the denial by the Commissioner of the plaintiff's claim for refund; and as the rule approved by these decisions properly reflects the net income of a taxpayer reporting on the accrual basis for a fractional period of less than one year, it is my opinion that such rule is applicable to this case, and that the deduction for such proportionate part of said

annual ad valorem taxes should have been allowed. Furthermore this is in accord with the applicable statutes and regulations; is good accounting practice, and appears to be necessary in order to clearly reflect the taxpayer's net income for a fractional part of a year.

The Court finds that probable cause existed for the collection by the defendant of the aforesaid amount of taxes and interest thereon, sought to be recovered by the plaintiff in this cause; and that said amount was collected by the defendant, while acting in his official capacity as Collector of Internal Revenue, at the direction of the Commissioner of Internal Revenue.

### Judgment

It is therefore considered, ordered and adjudged by the Court as follows:

(1) That the plaintiff have and recover of the defendant the sum of $13,107.35 (being for $11,829.73 income taxes and $1,277.62 interest thereon wrongfully or illegally assessed against the plaintiff and paid by the plaintiff on September 3, 1936 to the defendant as Collector of Internal Revenue, said defendant having since ceased to be such Collector of Internal Revenue), together with interest according to law on said sum of $13,107.35 from September 3, 1936.

(2) That the costs in this cause be, and the same are hereby, taxed against the defendant.