SIMON J. MURPHY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SOCIAL RESEARCH FOUNDATION, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 44984, 44985. Filed September 30, 1954.

*Edward S. Reid, Jr., Esq.*, and *Berrien C. Eaton, Jr., Esq.*, for the petitioners.

*A. J. Freidman, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency in income tax of $15,132.39 for 1949 and one of $6,378.14 for the first 11 days in January 1950 against Simon J. Murphy Company, herein called Murphy. He also determined that Social Research Foundation, Inc., herein called Research, is liable as a transferee for those taxes. Research concedes that it is liable for any taxes due from Murphy. The parties have stipulated the facts and, as thus agreed to, they are adopted as the findings of fact.

The returns of Murphy for the taxable years were filed with the collector of internal revenue for the district of Michigan.

Murphy owned and operated profitably four office buildings and a lot for many years up to January 11, 1950. It used an accrual method of accounting for and reporting income.

Research acquired all of the stock of Murphy in 1949 and on January 11, 1950, received all of the assets of Murphy subject to its liabilities upon surrender of the Murphy stock in complete liquidation and dissolution of Murphy. Research operated the properties during the remainder of 1950. Research was at all times an exempt corporation under section 101 (6) of the 1939 Internal Revenue Code.

All items of income and expense, except real estate taxes, in connection with the ownership and operation of the transferred real estate, with other minor irrelevant exceptions, were apportioned between Murphy and Research on a time basis as of January 11, 1950, for accounting and tax purposes.

Real estate taxes in the amount of $268,743.39 accrued on January 1, 1950, on the properties then owned by Murphy, all of which were paid after January 11, 1950, by Research. The taxes were for 1950. Murphy deducted $227,077.31 of those taxes on its return for the period January 1 through January 11, 1950, and claims the right now to deduct the entire $268,743.39. It reported rents of $73,823.81 for the first 11 days of 1950 and a large loss. It now claims that its loss for that period was even larger and can be carried back to 1949 as a net operating loss deduction.

The Commissioner, in determining the deficiency for the 11-day period, held that only $11/365$ of the taxes were deductible by Murphy. He held that no net operating loss deduction was allowable for 1949.

It is not disputed that the real estate taxes accrued on January 1, 1950. Murphy argues that it alone is entitled to deduct those taxes since it owned the properties on January 1, 1950, it used an accrual method of accounting and reporting, and section 23 of the 1939 Internal Revenue Code allows a deduction for taxes accrued within the taxable year. It cites a number of cases to support its contention that only the owner at the time taxes accrue is entitled to the deduction for those taxes. It argues that the Commissioner may not make allocations under section 45 of the 1939 Internal Revenue Code unless fraud or tax avoidance appears.

The Commissioner contends that the income of Murphy for the 11-day tax period in January 1950 would be distorted and not clearly reflected if Murphy were allowed to deduct real estate taxes in a large amount covering 365 days while its income and other deductions reflected the operations of only 11 days; the transfer of the properties of Murphy to its sole stockholder was different from a sale at arm's length in which a proration of the taxes would have been usual and would have left Murphy with a profit for the 11 days rather than a loss; and he had a right and duty under sections 41, 43, and 45 of the 1939 Internal Revenue Code to apportion or allocate the taxes between Murphy and Research in order to reflect clearly the income of each, each being "owned or controlled directly or indirectly by the same interests." The deduction of the entire amount of the taxes would distort the income of Murphy for the 11-day period and of Research for the remainder of that year, as the stipulated facts clearly show. The taxes were directly related to the profitable operation of the rented properties, were in a large amount and would reflect the income of

each more clearly if divided $^{11}\!/_{365}$ to Murphy and $^{354}\!/_{365}$ to Research. No cases appear which hold that taxes may not be apportioned by the Commissioner under such circumstances just like other deductions. *Commisioner* v. *Schock, Gusmer & Co.*, 137 F. 2d 750, holds that they may. *Magruder* v. *Supplee*, 316 U. S. 394, and other cases cited by the petitioner do not hold otherwise. The sections relied upon by the Commissioner apply to deductions generally and make no exception of deductions for taxes. Section 45 applies even in the absence of fraud or deliberate tax avoidance. The action of the Commissioner in allocating $^{11}\!/_{365}$ of the total to Murphy for the 11-day period was proper. Cf. *Central Cuba Sugar Co.* v. *Commissioner*, 198 F. 2d 214, certiorari denied 344 U. S. 874; *Standard Paving Co.*, 13 T. C. 425, affd. 190 F. 2d 330, certiorari denied 342 U. S. 860; *Jud Plumbing & Heating, Inc.*, 5 T. C. 127, affd. 153 F. 2d 681; *National Securities Corporation*, 46 B. T. A. 562, affd. 137 F. 2d 600, certiorari denied 320 U. S. 794; *G. U. R. Co.*, 41 B. T. A. 223, affd. 117 F. 2d 187. Allocation here was also necessary "to dissolve the fiction that it was unprofitable" during the first 11 days of January 1950. *Central Cuba Sugar Co.* v. *Commissioner, supra.*

The denial of $^{354}\!/_{365}$ of the real estate tax deduction renders the net operating loss deduction issue moot. See, however, *Diamond A Cattle Co.*, 21 T. C. 1, and *Wheeler Insulated Wire Co.*, 22 T. C. 380, which are against the petitioners on that point.

The Commissioner has conceded an issue on depreciation.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*