BROIDA, STONE & THOMAS, INC.,
a Corporation, Plaintiff,

v.

The UNITED STATES of America,
Defendant.

Civ. A. No. 1020–W.

United States District Court
N. D. West Virginia,
at Wheeling.

May 31, 1962.

Charles P. Mead, Wheeling, W. Va., for plaintiff.

Robert E. Maxwell, U. S. Atty., Sheldon P. Migdal, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Edward S. Smith, Lyle M. Turner, Philip R. Miller, Attys., Dept. of Justice, Washington, D. C., on the brief), for defendant.

PAUL, District Judge.

The plaintiff, hereinafter called "Taxpayer", seeks judgment for income taxes erroneously assessed and collected, for its fiscal year ending January 31, 1960. The case is submitted upon stipulation of facts and briefs by counsel.

Taxpayer owns and operates a department store in Parkersburg, West Virginia, and, for accounting and income tax purposes, uses the accrual method and a fiscal year ending each January 31st. For its fiscal years ending January 31, 1957, 1958 and 1959, Taxpayer accrued and deducted its West Virginia state and municipal personal property taxes, assessed as of January 1st for each of the calendar years 1956, 1957 and 1958, in twelve monthly installments, beginning with February, 1956, 1957 and 1958, respectively. Thus, the Taxpayer's monthly accruals were not strictly upon a ratable basis, since there was a one-month lag between the accruals during the fiscal year and the months of the calendar year for which the property taxes were assessed.

Effective June 10, 1959, Acts 1959, c. 155, an Act of the West Virginia Legislature advanced the assessment date for real and personal property taxes for sub-

sequent years one day (from January 1st to the preceding December 31st).

On its return for the fiscal year ended January 31, 1960, the Taxpayer, consistent with its accounting and tax-reporting practice, claimed deductions totalling $6,200.00 for personal property taxes assessed January 1, 1959, for the calendar and property tax year 1959, accrued in twelve monthly installments over the Taxpayer's fiscal year. It also claimed as a deduction, the sum of $6,-660.00 assessed, under the new Act, December 31, 1959, for the property tax year 1960, accrued in a lump sum as of January 31, 1960. This latter deduction was disallowed, resulting in the deficiency assessment for the payment of which Taxpayer seeks judgment. By its return the Taxpayer claimed deductions for two years' property taxes in a single fiscal year.

The Government's position is that the Taxpayer's attempt to accrue and deduct the $6,660.00 is an attempt by it to change its established method of accounting with reference to the treatment of a material item, unilaterally and without securing the prior consent of the Secretary or his delegate, as required by Section 446(e) of the Internal Revenue Code of 1954 (29 U.S.C.A. § 446), and Treasury Regulations Sec. 1.446–1(e) (2) (i).

The Taxpayer contends that its treatment, in the return, of the personal property taxes assessed December 31, 1959, for the calendar tax year 1960,

(1) was not a change in its accounting method within the meaning of Section 446(e) but was, rather, the deduction of a liability which accrued, by virtue of a change in the assessment date, in its fiscal year ended January 31, 1960, and which it was forced to take in its return for that fiscal year upon pain of losing the deduction irrevocably; or (in the alternative)

(2) if the lump sum accrual and deduction was a change in accounting method, it was not a "(c)hange in the treatment of a *material* item.", within the meaning

of the applicable Regulations (emphasis supplied).

Taxpayer bases its contention, that the Revenue Acts and the Treasury Regulations required it to accrue and deduct personal property taxes for the calendar year 1960 in its return for the fiscal year ended January 31, 1960, because those taxes accrued on the assessment date of December 31, 1959, on the rulings in United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347 (1926), and United States v. Olympic Radio & Television, Inc., 349 U.S. 232, 75 S.Ct. 733, 99 L.Ed. 1024 (1955). In both of these cases the taxpayer was on a calendar year accrual basis; the taxes which were the subject of the claimed deduction were based upon transactions occurring in the calendar year of accrual; the taxes were accrued on the taxpayers' books during the year of accrual, and the taxpayers simply failed to claim the deduction in the year of accrual, attempting to take it in the following year in which the taxes were paid. Neither case involved the practice of ratable monthly accrual or an accrual period which spanned the beginning date of a new fiscal year.

Probably the best refutation of Taxpayer's position is its own experience. Not only for the years prior to its fiscal year ended January 31, 1960, but in that year, itself, Taxpayer claimed and was allowed deductions of personal property taxes based on assessments made 31 days prior to the beginning of the fiscal tax year in which the deduction was claimed and allowed, and no logical distinction can be made simply because the personal property taxes for the year 1960 are based upon an assessment which occurred 32 days before the beginning of Taxpayer's next fiscal tax year. If Taxpayer's position is correct, its $6,200.00 deduction for the fiscal year ended January 31, 1960, should be disallowed. It is apparent that the difference in treatment by the Taxpayer of its 1959 and 1960 personal property taxes is incon-

sistent and can but result in a distortion of its taxable income. The legislative change in the assessment date, as seized upon by the Taxpayer in justification of its difference in treatment, is no justification at all. It is the occasion rather than the reason.

■ Having once established a practice of prorating deductible taxes on a monthly basis over the period to which the taxes apply, regardless of the assessment date or the date when the taxes become a lien, the Commissioner may not unilaterally require a lump sum accrual. See Citizens Hotel Co. v. Commissioner, 127 F.2d 229 (5 Cir. 1942); Allen v. Atlanta Stove Works, 138 F.2d 452 (5 Cir. 1943); Commissioner v. Schock, Gusmer & Co., 137 F.2d 750 (3 Cir. 1943); Whitney Manufacturing Co. v. Commissioner, 14 T.C. 1217. The Internal Revenue Service acquiesced in these cases. See Rev.Rul. 57–539; Similarly, once the taxpayer has established a monthly accrual practice, it must adhere thereto. See Tennessee Life Insurance Co. v. Phinney, 280 F.2d 38 (5 Cir. 1960); Post Office Square Co. v. U. S., 191 F. Supp. 450 (D.C.Mass.1961).

■ It has also been established that, even though the Taxpayer's practice of ratable accrual is not technically correct from an accounting standpoint, the Taxpayer may not unilaterally and without the Secretary's consent abandon its accrual method. See C. I. R. v. O. Liquidating Corporation, 292 F.2d 225 (3 Cir. 1961) and Advertisers Exchange, Inc. v. C. I. R., 25 T.C. 1086 (1956)—affirmed 240 F.2d 958, 959. Accordingly, even though the Taxpayer's established method may be technically incorrect, since it does not begin its monthly accruals until the month following that to which the personal property tax ratably relates, correction should be accomplished administratively and not by a court decision permitting Taxpayer to abandon its monthly accrual system and unilaterally adopt a lump sum accrual deduction in the fiscal year in which the assessment date falls.

It would seem that Taxpayer is chagrined because some other taxpayers obtained a windfall by way of double deduction of State taxes for the year 1959 as the result of the action of the West Virginia Legislature in putting two tax assessment dates in that year.

The taxpayers, however, who secured that windfall (assuming that it is a real advantage) were on a straight accrual basis, with fiscal years corresponding to the calendar year. Even with regard to taxpayers so situated, however, the Internal Revenue Service made it clear that no taxpayer was required to accrue and deduct both years' taxes in its return for the year 1959. See Rev.Rul. 60–133. With reference to taxpayers who had an established practice of accruing property taxes ratably over the periods to which the taxes relate, the Internal Revenue Service has consistently ruled that a change in assessment or lien date neither justifies nor compels any change. See Rev.Rul. 57–539, Rev.Rul. 60–133 and Rev.Rul. 61–7. Some of these Revenue Rulings, of course, discuss the effect of Section 461(d) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 461(d), which was adopted in 1961, with prospective effect only, to prevent a recurrence of the double-deduction windfall incident to a State's change in assessment dates. Section 461(d) is not involved in this case.

Taxpayer's contention that its change in accounting treatment of tax accruals is not a change in the treatment of a material item is also without merit. Taxpayer reported taxable income of $64,711.50 for its fiscal year. The item of $6,660.00 would add more than 10% to taxable income, and must certainly be considered material.

In conclusion, it is apparent here that the change in assessment date did not result in two assessment dates falling within one of the Taxpayer's fiscal years, and there is no basis for Taxpayer's claim that it is entitled to deduct two

# 844

years' property taxes in a single fiscal year.

Judgment may be entered for the defendant, with costs.