The **BULLARD COMPANY**
v.
The **UNITED STATES.**
Nos. 479–61, 190–62.

United States Court of Claims.
July 15, 1966.

Henry W. deKosmian, New York City, attorney of record, for plaintiff. David G. Ormsby, New York City, of counsel.

Sheldon P. Migdal, Washington, D. C., with whom was Asst. Atty. Gen., Mitchell Rogovin, for defendant. Lyle M. Turner and Philip R. Miller, Washington, D. C., of counsel.

Before COWEN, Chief Judge, WHITAKER, Senior Judge, and DURFEE, DAVIS and COLLINS, Judges.

## OPINION

**PER CURIAM.**

In this case plaintiff sues for tax refunds for each of the calendar years 1952, 1953 and 1954, based upon its right to deduct all of the taxes on its Bridgeport and Fairfield, Connecticut, properties in the year of assessment.

Although the facts in this case differ in some particulars from those in Hackensack Water Company v. United States, 352 F.2d 807, 173 Ct.Cl. —— (November 1965), the basic fact upon which the *Hackensack* case was decided, to wit, that the taxpayer changed his accounting method without having first secured the consent of the Commissioner of Internal Revenue, is also a fact in this case. We think that the *Hackensack* decision is controlling in this case.

Plaintiff asks us to reconsider our decision in the *Hackensack* case. We have done so and adhere to the view therein expressed. It results that plaintiff is not entitled to recover and its petition must be dismissed.

All the facts are stipulated. Prior to the time plaintiff filed its claims for refund, it had deducted part of its taxes on the Bridgeport property in the year of assessment and the balance in the ensuing year. With respect to the Fairfield property, it had not deducted any of the taxes in the year of assessment, but deducted three-fourths of the taxes in the year following the year of assessment and the balance in the next year. When it filed its claims for refund, it claimed the right to deduct the entire tax on both properties in the year of assessment.

As stated, this was done without having sought and secured the consent of the Commissioner, and for the reasons stated in the *Hackensack Water Company* case, supra, plaintiff's claims for refund were properly denied.[1]

---

1. In addition to the cases cited in Hackensack Water Company v. United States, 352 F.2d 807, 173 Ct.Cl. —— (November 1965), holding that it was necessary for a taxpayer to secure the consent of the Commissioner to change its accounting method or its method of treating an individual item of income or expense, see also Broida, Stone & Thomas, Inc. v. United States, 204 F.Supp. 841 (N.D. W.Va.), aff'd per curiam, 309 F.2d 486 (4th Cir. 1962).