John P. and Alice Bongiovanni v. Commissioner.
Bongiovanni v. Commissioner
Docket No. 848-69.
United States Tax Court
T.C. Memo 1971-262; 1971 Tax Ct. Memo LEXIS 70; 30 T.C.M. (CCH) 1124; T.C.M. (RIA) 71262; October 12, 1971, Filed. Vincent E. Cerow, for the petitioner. Fred L. Baker and Jay S. Hamelburg, for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: The respondent has determined a deficiency of $5,778.49 in Federal income taxes filed by petitioners for the year 1965. The only question involved relates to the gain or income realized by petitioners on account of the transfer of assets and liabilities of Keystone Masonry Company, a sole proprietorship, to Keystone Masonry, Inc., a corporation, under 1125 sections 351 and 357(c) of the Internal Revenue Code. [1]
Findings of Fact Some of the facts have been stipulated and are incorporated herein by this reference. John P. and Alice Bongiovanni are husband and wife who filed a joint income tax return for *72 the taxable year 1965 with the district director of internal revenue, Hartford, Connecticut. At the time of the filing of the petition herein, they resided in Chester, Connecticut. Alice Bongiovanni is a party to this action solely by virtue of having filed a joint return; consequently, John P. Bongiovanni will hereinafter be referred to as "petitioner." In early 1963, petitioner commenced operating a business in Connecticut under the name of Keystone Masonry Company (hereinafter sometimes referred to alternatively as the "company" or the "sole proprietorship"). The company operated primarily as a subcontractor in the erection of apartment buildings. Its responsibility was the performance of the flat, structural work on such buildings. Each job required the purchase and use of various supplies by the company. Items such as mortar, steel, angle irons, and reinforcing rods were generally bought in bulk and stored. On the other hand, items such as brick and block had to be bought specifically for a particular job. Work-in-process consisted of roughly 33 1/3% materials and 40%-45% labor. The balance covered expenses and profit. In both 1963 and 1964, the company's books were kept and *73 its tax returns were filed on the cash receipts and disbursements method of accounting. Keystone Masonry, Inc. (hereinafter referred to as the "corporation") is a corporation duly organized and existing under the laws of the State of Connecticut. Petitioner is the sole stockholder of said corporation. On or about April 1, 1965, petitioner transferred to the corporation all of the assets and liabilities of the company, consisting of the following: Amount or
Petitioner's
Item
Value
Basis
Cash
$ 223
$ 223
Trade Receivables
57,741
-0-
Office Equipment
1,160
1,160
Work-in-Process
$22,762
-0-
Raw Materials
8,029
-0-
Tools and Supplies 4,575
-0-
Payables
$94,490
$1,383
Less 17,237
-0-
$77,253
$1,383
Petitioner received from the corporation all of its capital stock consisting of 500 shares of common stock listed on the books and records of the corporation at a value of $26,000, together with the corporation's promissory note in the amount of $51,253 payable on demand. In his income tax return for the year 1965, the petitioner did not report any income or gain on account of the receipt of the promissory note in the amount of $51,253. *74 In reflecting the income of the proprietorship in that return, the petitioner purported to adopt the accrual method of accounting. In a schedule attached to the return, petitioner showed total gross receipts of $150,949.29, which included work-in-process of $22,762 and raw materials of $8,029. In the examination of petitioner's return for 1965, the respondent reduced the petitioner's stated gross receipts to exclude therefrom the work-in-process of $22,762 and raw materials of $8,029. The respondent further determined that the petitioner had realized taxable gain in the amount of $51,253 on the grounds that the promissory note constituted "other property" within the meaning of section 351(b). These adjustments were accepted by the petitioner, and a resulting deficiency of tax in the amount of $12,080.44 was duly assessed. In computing a gross profit of the sole proprietorship in the taxable year 1965, the petitioner had also deducted trade accounts payable in the amount of $17,237; but the respondent disallowed this deduction on the grounds that such amount had not been paid by the petitioner. As a result of the foregoing, the respondent determined that petitioner had realized *75 an additional gain, taxable as ordinary income, in the amount of $15,584, as follows: (1) The accounts receivable valued at $57,741, the work-in-process valued at $22,762, the raw materials valued at $8,029, and the tools and supplies valued at $4,575 were transferred to the corporation with a zero basis. 1126 (2) The transferred payables were unpaid and constituted existing liabilities at the time of the exchange. Consequently, the property transferred had a basis of $1,383 (cash of $223 plus office equipment of $1,160). (3) The consideration received by petitioner, which included capital stock in the corporation and a promissory note, had a total value of $94,490, so that the sole proprietorship realized a gain on the transaction of $93,107. (4) The exchange met the requirements of section 351, so that much of the realized gain was not recognized (except as provided in section 351(b)(1)(B)). However, under section 357(c)(1), gain must be recognized in a transaction otherwise qualifying under section 351 to the extent the liabilities transferred to the corporation exceed the basis of the property transferred to the corporation. (5) The corporation assumed liabilities *76 of the sole proprietorship in the amount of $17,237. This exceeded the adjusted basis of the property transferred ($1,383) by $15,854. This excess of $15,584, concludes respondent, constitutes ordinary gain taxable under section 357(c)(1). Opinion Except for an abortive effort by the petitioner to close the books of the proprietorship on an accrual basis of accounting, the facts in this case cannot be distinguished from the facts presented in Peter Raich, 46 T.C. 604 (1966). In the Raich case, we had precisely the same situation that is presented here. The taxpayer transferred all the assets and liabilities of a sole proprietorship to a corporation in exchange for its entire capital stock and a promissory note. The liabilities included trade accounts payable. The Tax Court held that the accounts payable of the proprietorship, assumed by the corporation, should be reflected in the taxable gain under sections 351 and 357(c)[2] As was pointed out in that case, where the acquiring corporation is on an accrual basis, such accounts are also deductible in its initial taxable period. *77 *78 The petitioner here seeks to avoid the result in the Raich case on the grounds that the petitioner changed the method of accounting of the sole proprietorship from a cash receipts and disbursements method to an accrual method. However, the respondent did not assent to this change. Petitioner argues that, since the adoption of the cash receipts and disbursements method of accounting was erroneous from the first instance, he may change to the accrual method. He notes that the company was purchasing materials, employing labor and erecting masonry walls. It had inventories of brick, block, mortar and steel, as well as inventories of work-in-process which contained from 40-45 percent labor. By combining materials and labor, it was constructing walls which were its finished products. Consequently, petitioner insists that he was required to compute the income of the company on the accrual method, citing sections 1.446-1(a)(4)(i)[3] and 1.446-1 (c)(1)(iv)(b)(2)(i), [4]Income Tax Regs. 1127 Therefore, he concludes that the refusal of the respondent to permit the correction constitutes an abuse of discretion. We disagree. *79 Even assuming that the cash basis had been improperly used by the petitioner in prior years, the respondent cannot be compelled to accept a change in accounting. In Commissioner v. O. Liquidating Corp., 292 F. 2d 225, 230 (C.A. 3, 1961), affirming a Memorandum Opinion of this Court, certiorari denied O. Liquidating Corp. v. Commissioner, 368 U.S. 898 (1961), the court of appeals said: The rationale * * * is that virtually any material change in the method of reporting income or deduction items will result in a distortion of taxable income, and it is the Commissioner's responsibility to insure that the distortion will not be to the detriment of the Government. The Commissioner accomplishes this by withholding his consent until the taxpayer agrees to adjustments that will prevent, inter alia, duplication of deduction items or omission of income items as a result of the change. Brookshire v. Commissioner, 273 F. 2d 638 (C.A. 4, 1960), certiorari denied 363 U.S. 827 (1960). We affirmed our position as to this point in Advertiser's Exchange, Inc., 25 T.C. 1086, 1092-1093 (1956), *80 affirmed 240 F. 2d 958 (C.A. 2, 1957), stating: Consistency is the key and is required regardless of the method or system of accounting used. * * * And a change from one method of accounting to another is seldom possible without some distortion of income. Thus, respondent [Commissioner] may, as here, reject any change * * * made without his prior consent and approval of compensating adjustments to insure that distortions arising therefrom are not at the expense of the governmental revenue. The respondent's exercise of the discretion granted by section 446(e) has been upheld, even where the taxpayer's prior accounting method was improper. American Can Company v. Commissioner, 317 F. 2d 604 (C.A. 2, 1963), reversing 37 T.C. 198 (1961), certiorari denied 375 U.S. 993 (1964); Commissioner v. O. Liquidating Corp., supra; Wright Contracting Co. v. Commissioner, 316 F. 2d 249 (C.A. 5, 1963), affirming 36 T.C. 620 (1961). [5]
*81 In view of the foregoing, it is our conclusion that this case is controlled by our decision in the Raich case, supra, and the position of the respondent must be sustained. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Section 351 provides in pertinent part as follows: (a) General Rule. - No gain or loss shall be recognized if property is transferred to a corporation * * * by one or more persons solely in exchange for stock or securities in such corporation and immediately after the exchange such person or persons are in control (as defined in section 368(c)) of the corporation. * * * (b) Receipt of Property. - If subsection (a) would apply to an exchange but for the fact that there is received, in addition to the stock or securities permitted to be received under subsection (a), other property or money, then - (1) gain (if any) to such recipient shall be recognized, but not in excess of - * * * (B) the fair market value of such other property received; and * * * Section 357(c) provides in pertinent part as follows: (c) Liabilities in Excess of Basis. - (1) In General. - In the case of an exchange - (A) to which section 351↩ applies, or * * * if the sum of the amount of the liabilities assumed, plus the amount of the liabilities to which the property is subject, exceeds the total of the adjusted basis of the property transferred pursuant to such exchange, then such excess shall be consideerd as a gain from the sale or exchange of a capital asset or of property which is not a capital asset, as the case may be.
3. Regs. 1.446-1(a)(4)(i) provides in pertinent part as follows: In all cases in which the production, purchase, or sale of merchandise of any kind is an income-producing factor, merchandise on hand (including finished goods, work in process, raw materials, and supplies) at the beginning and end of the year shall be taken into account in computing the taxable income of the year. * * * ↩
4. Regs. 1.446-1(c)(1)(iv)(b)(2) provides in pertinent part as follows: Special Rules. (i) In any case in which it is necessary to use an inventory the accrual method of accounting must be used with regard to purchases and sales * * *.↩
5. It should be noted that petitioner never made a formal request to the Commissioner within the first 90 days of the taxable year, as required by Regs. 1.446-1(e)(3). (The time limit has now been extended to 180 days by Rev. Proc. 70-21.) Failure to make a timely application has been held to be enough in itself to defeat petitioner. Hackensack Water Company v. United States, 352 F. 2d 807 (Ct. Cl. 1965); Porbaugh v. United States, 423 F. 2d 157↩ (C.A. 3, 1970).